# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVEY, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01639-JLT (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILUE TO EXHAUST PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

In this action, Edwin Garcia claims various prison officials have stolen his intellectual property, in the form of ideas for an invention he has described on papers the officials are withholding from him. (Doc. 1 at 3-4) He seeks $20 million in compensatory damages and an order stopping the officials from selling his invention. Id. at 5. However, he admits he has not exhausted the prison grievance process. Id. at 2.

According to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

*Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002).

Plaintiff concedes that though there is administrative remedy process available at his institution, he has not filed an appeal or grievance concerning the facts contained in his Complaint. His explanation for not filing an appeal or grievance and exhausting the process before filing suit is that CDCR's inmate appeal process in "is only for decision, action, condition, policy or regulation having a material adverse [sic] upon ones welfare and for which there is no other prescribed method of dept. review/remedy available." (Doc. 1, Comp., p. 2.)

However, couching the relief he seeks as somehow different from the that relief that he may obtain under the PLRA, is a game of semantics the Court will not play. Prisoners are required to exhaust the available administrative remedies prior to filing suit; Plaintiff's lawsuit is no exception. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, (*Booth v. Churner*, 532 U.S. 731, 741), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002). Even though Plaintiff's claims are not based on more usual claims related to conditions of confinement, he is required to exhaust his administrative remedies before being allowed to proceed on any claims under 42 U.S.C. § 1983.

Plaintiff filed his lawsuit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . ."). Accordingly, within **30 days,** Plaintiff is **ORDERED** to show cause in writing why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit.

IT IS SO ORDERED.

   Dated:   **November 17, 2015**              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE