# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA,<br><br>         Plaintiff,<br><br>    v.<br><br>DAVEY, et al.,<br><br>         Defendants. | 1:15-cv-01639-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PRUEJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 6)**<br><br>**30-DAY DEADLINE** |

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 that he filed on October 28, 2015. On November 17, 2015, an order issued ("the OSC") for Plaintiff to show cause within 30 days why this action should not be dismissed because of his failure to exhaust available administrative remedies as was apparent from the face of his Complaint. (Doc. 6.)

Plaintiff recently filed his response in which he admits that he has not exhausted the prison grievance process and argues that it would be frivolous to do so because of the petty games and cover-ups by prison staff and that they would just cancel and deny any grievance he might file. (Doc. 7.) Plaintiff further argues that he has attempted to file 5 grievances in the last three months, apparently on other claims, which have all been cancelled or denied -- including one on an emergency basis because his safety and security was at risk. (*Id.*) Plaintiff indicates that he

1

will file a grievance, but that it might be as much as 6 months before it is cancelled. (*Id.*)

In the OSC, Plaintiff was warned that the failure to exhaust prior to filing suit is fatal to an action under § 1983. (Doc. 6.) As stated therein, the Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). This action must be dismissed without prejudice because of Plaintiff's admitted failure to exhaust available administrative remedies prior to filing suit.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to exhaust available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 30 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2015**              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE